*Territorial Law Library*

# IN THE SUPERIOR COURT OF GUAM

SUPERIOR COURT
OF GUAM

2012 AUG 13 PH 3: 08

RUFO JOSEPH LUJAN-ESPINOSA, )
)
              Plaintiff, )    **DOMESTIC CASE NO. DM0708-11**
)
        vs. )
)    **DECISION AND ORDER**
BRITTANEY LEE LUJAN-ESPINOSA, )
)
            Defendant. )
)

## INTRODUCTION

This matter came before the Honorable Judge James L. Canto II on the Defendant's motion to dismiss, filed March 28, 2012. Oral arguments were heard on June 7, 2012. Attorney Charles H. McDonald II appeared on behalf of the Defendant and Attorney John C. Terlaje represented the Plaintiff. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Plaintiff Rufo Joseph Lujan-Espinosa and Defendant Brittaney Lee Lujan-Espinosa were married in Norfolk, Virginia on December 22, 2007. Plaintiff is an active duty member of the U.S. Army and currently stationed in Okinawa, Japan. Defendant is not a member of the U.S. Armed Services but is currently living in Norfolk, Virginia. On October 10, 2011, Plaintiff filed the present complaint for divorce on the basis that he, "is a resident of Guam and is in the armed forces serving in the U.S. Army in Okinawa." (Complaint, ¶ 3, Oct. 10, 2011.)

On March 28, 2012, Defendant moved to dismiss the complaint for lack of jurisdiction under 19 GCA § 8318. Defendant argues that Plaintiff was not physically present in Guam for ninety (90) days preceding the complaint and is therefore not a resident of Guam. Plaintiff argues that he is a resident of Guam because he was raised and lived in Guam before he enlisted in military service, his service member home of record is Guam, he retains a valid Guam driver's license, and he intends to return to Guam when his service is complete. (Record Log at 9:09, June 7, 2012; Opposition to Motion to Dismiss, Exhibits "A" and "B", May 25, 2012.)

ORIGINAL

## DISCUSSION

Title 19 GCA § 8318 states in pertinent part:

> (a) A divorce or dissolution of marriage may be granted if one (1) of the parties has been a resident of Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage. ... Physical presence by one of the parties in Guam for a period of ninety (90) days prior to filing of the action for divorce or dissolution of marriage shall give rise to a conclusive presumption of compliance with this Section.

As it is used in Section 8318, the term "resident" is synonymous with the meaning of "domiciliary" and "domicile" beyond mere residence. *Miller v. Miller*, No. 90-00015, 1990 WL 320352, at *2 n. 2 (D. Guam App. Div. 1990) (*citing Williams v. State of North Carolina*, 317 U.S. 287, 297-299, 63 S.Ct. 207, 212-213 (1942) *and* Robert A. Brazener, Annotation, *Validity of Statute Imposing Durational Residency Requirements for Divorce Applicants*, 57 A.L.R.3d 221, 227 (1974)).

Guam law does not exact a difference between a "domicile" and a "residence", but it is generally uncontroverted that a domicile is established by physical presence with the intent to remain. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608 (1989). Whereas a residence is established by physical presence alone and is separate from a domicile where one intends to return. *Id.* citing *Perri v. Kisselbach*, 34 N.J. 84, 87, 167 A.2d 377, 379 (1961) (residence is a presence for the time being); *District of Columbia v. Murphy*, 314 U.S. 441, 62 S.Ct. 303 (1941) (a domicile is retained by the fixed and definite intent to return there); *In re Estate of Jones*, 192 Iowa 78, 80, 182 N.W. 227, 228 (1921).

In this case, Plaintiff is stationed in Okinawa, Japan pursuant to military service and he is not conclusively presumed to be a Guam resident by physical presence under 19 GCA § 8318. However, Plaintiff enlisted into military service in Guam and he intends to return after his service is complete. On this basis, Plaintiff may be a domiciliary of Guam under Section 8318. *See Miller*, 1990 WL 320352, at *2 n. 2.

In the case of military service, "[i]t is well settled that the domicile of a person is in no way affected by his enlistment in the civil, military or naval service of his country; and he does not thereby abandon or lose his domicile which he had when he entered the service nor does he

acquire one at the place where he serves." *Johnston v. Benton*, 73 Cal.App. 565, 569 (Cal. Ct. App. 1925). *See also Blessley v. Blessley*, 91 N.M. 513, 514 (N.M. 1978); *Nora v. Nora*, 494 So.2d 16, 18 (Ala. 1986). Only, "clear and unambiguous evidence of an intention to abandon the old domicile and adopt a new one," may change a service member's domicile to a place where he serves. *Johnson v. Johnson*, 245 Cal.App.2d 40, 45 (Cal. Ct. App. 1966). *See also Jizmejian v. Jizmejian*, 16 Ariz.App. 270, 274 (Ariz. Ct. App. 1972); *Israel v. Israel*, 121 S.E.2d 713, 715-716 (N.C. 1961).

In this case, Plaintiff entered military service as a domiciliary of Guam and he presents evidence that he intends to return after his service is complete. The parties present no evidence that Plaintiff intends to abandon Guam and establish a new domicile. Plaintiff's physical absence during military service does not affect his domicile or his intent to return to Guam. For these reasons, Plaintiff remains a domiciliary of Guam with the jurisdiction to obtain a divorce under 19 GCA § 8318 and the motion to dismiss shall be denied.

///

///

///

## CONCLUSION

Based upon the foregoing, and consistent with the bench ruling of the Court on July 12, 2012, the Defendant's motion to dismiss for lack of jurisdiction is hereby DENIED.

**SO ORDERED this** 13TH **day of August, 2012,** *nunc pro tunc* **to July 12, 2012.**



**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

Page 3 of 3